F I L E D
Clerk
District Court

JUL 2 8 2009

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1 | ANNA Y. PARK, CA SBN 164242
DEREK W. LI, CA SBN 150122
2 | GREGORY L. McCLINTON, CA SBN 153553
THOMAS S. LEPAK, CA SBN 245649
3 | U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
4 | 300 Ala Moana Boulevard, Room 7-127
P.O. Box 50082
5 | Honolulu, Hawaii 96850
Telephone:    (808) 541-3122
6 | Facsimile:    (808) 541-3390
E-Mail: lado.legal@eeoc.gov
7 |
Attorneys for Plaintiff
8 | U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
9 |
STEVEN P. PIXLEY, ESQ.
10 | COLIN M. THOMPSON, ESQ.
Third Floor, TSL Plaza
11 | Garapan, Beach Road
Saipan, MP 96950
12 | Telephone: (670) 233-2898
Facsimile: (670) 233-4716
13 | E-Mail: sppixley@aol.com

14 | Attorneys for Defendants
L&T INTERNATIONAL CORP.;
15 | L&T GROUP OF COMPANIES, LTD.;
TAN HOLDINGS CORP.; TAN HOLDINGS
16 | OVERSEAS, INC.; CONCORDE GARMENT
MANUFACTURING CORP.; MICRO
17 | PACIFIC, INC.; SEASONAL INC.

18 | **IN THE UNITED STATES DISTRICT COURT**

19 | **FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| 20 U.S. Equal Employment Opportunity Commission, | Civil Case No.: 07-0029 |
| 21 | ~~[PROPOSED]~~ **JUDGMENT AND** |
| 22 Plaintiff, | **CONSENT DECREE BETWEEN** |
| v. | **PLAINTIFF EEOC AND DEFENDANTS** |
| 23 | **AND THE OTHER CORPORATE** |
| 24 L&T International Corporation; L&T Group of Companies, Ltd.; Tan Holdings Corporation; | **ENTITIES** |
| 25 Tan Holdings Overseas, Inc.; Concorde Garment Manufacturing Corporation; Micro | |
| 26 Pacific, Inc.; Seasonal, Inc.; and Does 1-5, Inclusive, | [Related to Civil Case Nos. 08-0037, and 08-0038] |
| 27 | |
| 28 Defendants and the Other Corporate Entities. | |

-1-

| | |
|---|---|
| 1 | |
| 2 | U.S. Equal Employment Opportunity Commission, ) Civil Case No.: 08-0037 |
| 3 | ) **[PROPOSED] JUDGMENT AND** |
| 4 | Plaintiff, ) **CONSENT DECREE BETWEEN** ) **PLAINTIFF EEOC AND DEFENDANTS** v. ) **AND THE OTHER CORPORATE** |
| 5 | ) **ENTITIES** L&T International Corporation; L&T Group of ) |
| 6 | Companies, Ltd.; Tan Holdings Corporation; ) Tan Holdings Overseas, Inc.; Concorde ) |
| 7 | Garment Manufacturing Corporation; Micro ) Pacific, Inc.; Seasonal, Inc.; and Does 1-5, ) [Related to Civil Case Nos. 07-0029, |
| 8 | Inclusive, ) and 08-0038] ) |
| 9 | Defendants and the Other ) |
| 10 | Corporate Entities. ) |
| 11 | |

| | |
|---|---|
| 12 | U.S. Equal Employment Opportunity Commission, ) Civil Case No.: 08-0038 |
| 13 | ) **[PROPOSED] JUDGMENT AND** |
| 14 | Plaintiff, ) **CONSENT DECREE BETWEEN** ) **PLAINTIFF EEOC AND DEFENDANTS** v. ) **AND THE OTHER CORPORATE** |
| 15 | ) **ENTITIES** |
| 16 | L&T International Corporation; L&T Group of ) Companies, Ltd.; Tan Holdings Corporation; ) |
| 17 | Tan Holdings Overseas, Inc.; Concorde ) Garment Manufacturing Corporation; Micro ) |
| 18 | Pacific, Inc.; Seasonal, Inc.; and Does 1-5, ) [Related to Civil Case Nos. 07-0029, Inclusive, ) and 08-0037] |
| 19 | ) |
| 20 | Defendants and the Other ) |
| 21 | Corporate Entities. ) |

22

23    Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or

24  "Commission") and Defendants L&T International Corporation; L&T Group of

25  Companies, Ltd.; and Seasonal, Inc., (collectively, "Defendants"), along with

26  Micro Pacific, Inc.; Concorde Garment Manufacturing Corporation, Tan Holdings

27  Corporation; Tan Holdings Overseas, Inc. (collectively, the "Other Corporate

28  Entities"), hereby stipulate and agree to entry of this Final Judgment and Consent

-2-

1   Decree (the "Decree") to fully and finally resolve Plaintiff's claims against

2   Defendants and the Other Corporate Entities in Civil Cases No. 07-0029, 08-0037,

3   and 08-0038 (collectively, the "Actions") each titled U.S. Equal Employment

4   Opportunity Commission v. L&T International Corporation; L&T Group of

5   Companies, Ltd.; Tan Holdings Corporation; Tan Holdings Overseas, Inc.;

6   Concorde Garment Manufacturing Corporation; Micro Pacific, Inc.; Seasonal, Inc.;

7   and Does 1-5, Inclusive.

8          Additionally, the EEOC, the Defendants, and the Other Corporate Entities

9   (collectively, the "Parties") hereby stipulate and agree to the entry of the Decree to

10  fully and finally resolve various EEOC charges of discrimination that have failed

11  conciliation at the time of the entry of this Decree[1] (the "Charges").

## I.

## PROCEDURAL BACKGROUND

14         This Consent Decree hereby resolves the three Actions filed by the EEOC

15  alleging that Defendants and the Other Corporate Entities discriminated against a

16  class of individuals due to their national origin, pregnancy, and age in violation of

17  Title VII, the Pregnancy Discrimination Act under Title VII, and the Age

18  Discrimination in Employment Act, respectively.

19         Specifically, on September 12, 2007, the EEOC filed a lawsuit against

20  Defendants and the Other Corporate Entities entitled U.S. Equal Employment

21  Opportunity Commission v. L&T International Corporation; L&T Group of

22  Companies, Ltd.; Tan Holdings Corporation; Tan Holdings Overseas, Inc.;

23  Concorde Garment Manufacturing Corporation; Micro Pacific, Inc.; Seasonal, Inc.;

24

---

25         [1] The charges of discrimination covered by this Decree are: 378-2004-00512, 378-2004-00513, 378-2004-00548, 378-2005-00138, 378-2005-00519, 378-2005-00119, 378-2005-00518, 378-2005-00521, 378-2005-00782, 378-2005-00784, 378-2005-00785, 378-2005-00790, 378-2006-00070, 378-2005-00573, 378-2005-00527, 378-2005-00520, 378-2005-00574, 387-2005-00687, 378-2005-00521C, and 486-2007-00035. (collectively, the "Charges"). Charges not listed herein are not affected by this Decree. To the extent that Right to Sue letters were issued, those Charges are not covered under this Decree.

1    and Does 1-5, Inclusive with Civil Case No. 07-0029. The action alleged that

2    Defendants and the Other Corporate Entities violated Title VII of the Civil Rights

3    Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"). Specifically,

4    the EEOC alleged that Defendants and the Other Corporate Entities engaged in a

5    pattern or practice of wrongfully terminating a class of Filipino employees and

6    replacing them with Chinese workers because of their national origin (Filipino).

7         On September 26, 2008, the EEOC filed a second lawsuit against

8    Defendants and the Other Corporate Entities titled Civil Case No. 08-0037. The

9    action alleged that Defendants and the Other Corporate Entities violated Title VII

10   and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.

11   §§ 621 et seq. ("ADEA"). Specifically, the EEOC alleged that Defendants and the

12   Other Corporate Entities harassed and constructively discharged an employee, Ms.

13   Velison, because of her age (over 40) and national origin (Filipino).

14        On September 26, 2008, the EEOC filed a third lawsuit against Defendants

15   and the Other Corporate Entities titled Civil Case No. 08-0038. The action alleged

16   that Defendants and the Other Corporate Entities violated Title VII and the

17   Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k). Specifically, the

18   EEOC alleged that Defendants and the Other Corporate Entities harassed and/or

19   terminated or constructively discharged a class of female employees because of

20   their pregnancies and Filipino national origin.

21        Plaintiff filed the Actions in the United States District Court for the Northern

22   Mariana Islands. The EEOC will dismiss Micro Pacific, Inc.; Concorde Garment

23   Manufacturing Corporation; Tan Holdings Corp.; and Tan Holdings Overseas, Inc.

24   as defendants in this suit. However, in the interest of promoting equal employment

25   opportunities, Tan Holdings Corp. and Tan Holdings Overseas, Inc. (collectively,

26   the "Other Corporate Entities"), agree to comply and be bound by the injunctive

27   relief remedies set forth in the Decree to the same degree those injunctive

28   provisions apply to Defendants. L&T Group of Companies, Ltd. (which was

-4-

1  formerly known as L&T International Corporation) has agreed to meet its
2  obligations under the Consent Decree filed in Civil Case No. 06-0031.

3  ## II.

4  ## PURPOSES AND SCOPE OF THE CONSENT DECREE

5    A.    The Decree is made and entered into by and between the EEOC and
6  Defendants and the Other Corporate Entities (collectively, the "Parties"). The
7  Decree shall be binding on and enforceable on the Defendants and the Other
8  Corporate Entities, as well as their officers, directors, agents, successors and
9  assigns. This Decree is intended to resolve the three Actions brought by the EEOC
10 and the Charges as delineated above. By agreeing to this Decree, Defendants and
11 the Other Corporate Entities do not admit any violation of the law as alleged in the
12 complaint. In the interest in resolving this matter, L&T Group of Companies,
13 ("L&T") will be the sole defendant for the purpose of liability. Tan Holdings
14 Corporation and Tan Overseas, Inc., ("Tan") agrees to be bound by the monetary
15 relief and shall insure that the Other Corporate Entities comply and be bound by
16 the injunctive relief as set forth in this Decree.

17    B.    The Parties have entered into this Decree for the following purposes:
18       1.    To provide appropriate monetary and injunctive relief;
19       2.    To ensure that its employment practices comply with federal
20             laws;
21       3.    To ensure a work environment free from retaliation and
22             discrimination on the basis of national origin, sex (pregnancy)
23             and age;
24       4.    To ensure training of managers in employment discrimination
25             law;
26       5.    To ensure dissemination of an employment discrimination
27             policy reflective of federal law; and
28       6.    To conclude and terminate this litigation.

# III.

## RELEASE OF CLAIMS

A.    This Decree fully and completely resolves all issues, claims and allegations raised by the EEOC against Defendants in the Actions and Charges.

B.    Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party hereto fails to perform the promises and representations contained herein.

C.    Nothing in this Decree shall be construed to limit or reduce Defendants and the Other Corporate Entities' obligations to comply fully with Title VII, the ADEA or any other federal employment statute.

D.    This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendants and the Other Corporate Entities in accordance with standard EEOC procedures.

# IV.

## JURISDICTION

A.    The Court has jurisdiction over the Parties and the subject matter of this lawsuit. The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree. The terms and provisions of the Decree are fair, reasonable and just. The Decree conforms with Title VII, the ADEA, and the Federal Rules of Civil Procedure and is not in derogation of the rights or privileges of any person.

B.    The Court shall retain jurisdiction during the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein against the Defendants and the Other Corporate Entities.

///

///

**V.**

**EFFECTIVE DATE AND DURATION OF DECREE**

A.     The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B.     Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date.

**VI.**

**MODIFICATION AND SEVERABILITY**

A.     This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.     If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.     By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

**VII.**

**COMPLIANCE AND DISPUTE RESOLUTION**

A.     The Parties expressly agree that if the Commission has reason to believe that Defendants and the Other Corporate Entities have failed to comply with any provision of this Consent Decree, the Commission may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the Commission will notify Defendants and the Other Corporate Entities, any

1    successor, and/or their legal counsel of record, in writing, of the nature of the

2    dispute. This notice shall specify the particular provision(s) that the Commission

3    believes Defendants and the Other Corporate Entities and/or any successors have

4    breached. Absent a showing by either of the Parties that the delay will cause

5    irreparable harm, Defendants and the Other Corporate Entities and/or any

6    successors shall have thirty (30) days to attempt to resolve or cure a breach of any

7    non-monetary provisions, and five (5) days to attempt to resolve or cure a breach

8    of any monetary provision.

9         B.    The Parties agree to cooperate with each other and use their best

10   efforts to resolve any dispute referenced in the EEOC notice.

11        C.    After thirty (30) days have passed—in the case of a non-monetary

12   breach—or five (5) days have passed—in the case of a monetary breach—with no

13   resolution or agreement to extend the time further, the Commission may petition

14   this Court for resolution of the dispute, seeking all available relief, including an

15   extension of the term of the Decree for such period of time as the Defendants and

16   the Other Corporate Entities and/or any successor are shown to be in breach of the

17   Decree and including payment for the Commission's costs and attorneys' fees

18   incurred in securing compliance with the Decree.

19                                **VIII.**

20                        **MONETARY RELIEF**

21        A.    In settlement of this lawsuit, Defendants agree to pay an aggregate

22   sum of $1,500,000.00 (one million five hundred thousand dollars and zero cents) to

23   fully resolve the Actions and Charges. The total amount of $1,500,000 shall be

24   distributed as follows:  a total of $500,000.00 (five hundred thousand dollars) shall

25   be designated towards the EEOC's claimants and charges. The EEOC shall have

26   the sole discretion to distribute the monies as it deems appropriate to distribute to

27   the claimants in all three Actions. The remaining $1,000,000 shall be distributed

28   by certified check within 5 (five) business days of the effective date of this decree,

1  made payable to plaintiffs'-in-intervention "Attorney Joe Hill, Client Trust
2  Account", to be distributed to the claimants represented by him.

3        B.     The EEOC shall send to the Defendants a letter (the "Distribution
4  Letter") designating the amount of the EEOC distributions, to whom they should
5  be made, and the addresses to which the checks should be sent.  Within thirty (30)
6  days of the Effective Date, via certified mail or hand delivery, the Defendants
7  shall issue a certified check to each class member or/and Charging Party in the
8  amounts designated in the Distribution Letter.   The monies shall be designated as
9  non-wage compensatory damages under Title VII, and no tax withholding shall be
10  made.  The Defendants shall prepare and distribute 1099 tax reporting forms to
11  each individual identified by the EEOC and shall make the appropriate reports to
12  the Internal Revenue Service and or other appropriate Federal, State or
13  Commonwealth taxing authority.  However, for the one claimant represented by
14  the EEOC under the ADEA, the amount shall be designated liquidated damages
15  and a 1099 shall be issued as set forth above.

16        C.     Within five (5) business days of the issuance of each settlement check,
17  the Defendants shall submit a copy of each check and related correspondence to
18  the EEOC.  Within five (5) business days of the return of any check, the
19  Defendants shall notify the EEOC in writing of each check that is returned.  The
20  EEOC may take further steps to track those EEOC claimants and Charging Parties
21  whose settlement checks are returned, and/or the EEOC may designate a new
22  distribution for any amount not paid to any such person, including monies to a non-
23  profit organization, if necessary.

24  **IX.**
25  **GENERAL INJUNCTIVE RELIEF**
26        A.    <u>Non-Discrimination</u>
27      Defendants and the Other Corporate Entities, their officers, agents,
28  management (including all supervisory employees), successors, assigns, and all

1  those in active concert or participation with them, or any of them, hereby are
2  enjoined not to discriminate against persons in the terms and conditions of
3  employment on the basis of sex, age or national origin and not to subject any
4  employee to a hostile work environment on the basis of sex, age or national origin.

5      B.    Retaliation

6      Defendants and the Other Corporate Entities, their officers, agents,
7  management (including all supervisory employees), successors, assigns, and all
8  those in active concert or participation with them, or any of them, hereby are
9  enjoined not to engage in, implement or permit any action, policy or practice with
10 the purpose of retaliating against any current or former employee or applicant of
11 Defendants  and the Other Corporate Entities and/or any successors, or either of
12 them, because he or she has in the past, or during the term of this Decree:

13         1.    Opposed any practice made unlawful under Title VII or the
14               ADEA;
15         2.    Filed a charge of discrimination alleging such practice;
16         3.    Testified or participated in any manner in any investigation
17               (including without limitation, any internal investigation
18               undertaken by any of the Defendants and the Other Corporate
19               Entities and/or their successors) or proceeding in connection
20               with this case and/or relating to any claim of a Title VII or
21               ADEA violation;
22         4.    Was identified as a possible witness or claimant in the Action;
23         5.    Asserted any rights under the Decree; or
24         6.    Sought and/or received any relief in accordance with the
25               Decree.

26                              **X.**
27             **SPECIFIC INJUNCTIVE RELIEF**
28      A.    Revision of Policies and Procedures

-10-

1       Defendants and the Other Corporate Entities shall review, implement, revise

2  (as necessary), distribute, and post its policies and procedures against

3  discrimination and retaliation as prohibited by Title VII for sex and national origin,

4  and the ADEA (the "Policy").  The Policy shall include:

5           1.    A clear explanation of prohibited conduct;

6           2.    Assurance that employees who, in good faith, make complaints

7                 of discrimination or provide information related to such

8                 complaints are protected against retaliation; and

9           3.    Assurance that Defendants and the Other Corporate Entities

10                will take prompt and appropriate corrective action when they

11                determine that discrimination and/or retaliation has occurred.

12     Within thirty (30) days of the Effective Date of this Decree, Defendants and

13  the Other Corporate Entities shall provide to the EEOC a copy of their Policy.

14     B.    <u>Posting/Distribution of the Policy</u>

15     Within forty-five (45) days of the Effective Date, Defendants and the Other

16  Corporate Entities shall ensure that they have distributed their Policy to each

17  employee, including any management employee.  The Policy distributed shall be

18  provided in the primary language of the employee or manager receiving it.  For

19  each new employee and manager hired after the distribution described above, each

20  of the Defendants and the Other Corporate Entities shall ensure that the new

21  employee and manager received the Policy within thirty (30) days of employment.

22     Within forty-five (45) days of the Effective Date, Defendants and the Other

23  Corporate Entities shall ensure that it has posted the Policy in legible font, to the

24  extent necessary, translated into English, Tagalog, Thai, Chinese, and Korean, in a

25  place both conspicuous and accessible to all employees in the primary.

26     Within forty-five (45) days of the Effective Date, Defendants and the Other

27  Corporate Entities shall submit to the Commission a statement confirming

28  distribution and posting of the Policy.

C.    Posting of Notice of Consent Decree and Settlement

Within thirty (30) days of the Effective Date, Defendants and the Other Corporate Entities shall ensure that it has posted the Notice of Consent Decree and Settlement (the "Notice," attached to this Decree as Attachment A), translated into English, Tagalog, Thai, Chinese, and Korean in legible font, in a conspicuous and accessible place to all employees, including all management employees. Within thirty (30) days of the Effective Date, Defendants and the Other Corporate Entities shall submit to the Commission a statement confirming posting of the Notice.

D.    Equal Employment Opportunity Consultant

Within sixty (60) days after the Effective Date, Defendants shall retain an Equal Employment Opportunity Consultant ("Consultant") with demonstrated experience in the area of employment discrimination and harassment issues, to monitor Defendants and the Other Corporate Entities' compliance with Title VII, the ADEA, and the provisions of this Decree.

The Consultant shall be subject to the Commission's approval, which shall not be unreasonably withheld.   Defendants and the Other Corporate Entities shall propose a Consultant to the Commission.  Defendants and the Other Corporate Entities will attempt to identify individuals located within Hawaii, Guam or the Commonwealth of the Northern Mariana Islands as proposed consultants.  If such individuals are unavailable or if the Commission does not approve the proposed consultant, the Commission shall provide Defendants and the Other Corporate Entities with a list of at least three (3) suggested candidates acceptable to the Commission.  Defendants shall bear all costs associated with the selection and retention of the Consultant and the performance of his/her/its duties.

The Consultant's monitoring responsibilities shall be for a period of eighteen (18) months.   The Consultant shall:

1.    Implement Defendants and the Other Corporate Entities' procedures regarding handling complaints of discrimination,

harassment and retaliation in compliance with Defendants and
the Other Corporate Entities' obligations under this Decree;

2. Help implement anti-harassment, anti-discrimination, and anti-
retaliation policies and reporting procedures that will
effectively carry out Defendants and the Other Corporate
Entities' obligations under this Decree;

3. Ensure that Defendants and the Other Corporate Entities'
employees, including management employees, are trained on
their rights and responsibilities under Title VII and the ADEA,
including but not limited to Defendants and the Other Corporate
Entities' responsibility to provide a workplace free of
discrimination, harassment and retaliation as it relates to
national origin discrimination, pregnancy discrimination, age
discrimination, retaliation, and proper hiring and firing
protocols under Title VII and the ADEA;

4. Ensure that all individuals who have had or will have
management responsibilities over Defendants and the Other
Corporate Entities' employees—whether employed by
Defendants, the Other Corporate Entities, or another entity—are
trained on policies and procedures relating to sex (pregnancy),
age and national origin discrimination, harassment and
retaliation;

5. Ensure that Defendants and the Other Corporate Entities are not
retaliating against employees or discriminating against them on
the basis of national origin, age or sex (pregnancy), by
collecting, tracking and analyzing hiring and termination data;

6. Ensure the Defendants and the Other Corporate Entities
investigate all complaints of sex, age or national origin

-13-

discrimination, harassment and retaliation in compliance with
Title VII, the ADEA, and the Policy;

7.  Ensure that Defendants and the Other Corporate Entities
properly communicate with complainants regarding the
complaint procedure, status of the complaint investigation,
results of the investigation, and any appropriate remedial action
taken;

8.  Ensure that Defendants' and the Other Corporate Entities'
reports required by this Decree are accurately compiled and
timely submitted;

9.  Ensure that Defendants' and the Other Corporate Entities'
policies hold all employees, including management employees,
accountable for engaging in conduct prohibited under this
Decree or the Policy;

10. Ensure that Defendants and the Other Corporate Entities create
a centralized system of tracking discrimination, harassment, and
retaliation complaints; and

11. Prepare a brief annual report on Defendants and the Other
Corporate Entities' progress and their compliance under this Decree.

Thirty (30) days prior to any training required under this Decree, the
Consultant will mail by regular mail to the Commission:

1.  Proposed discrimination, harassment and retaliation training
material;

2.  The dates, times and locations of each of the training sessions;
and

3.  The identity of the person(s) and/or organization(s) conducting
the training programs.

Within sixty (60) days of the Effective Date of this Decree, the Consultant shall submit to the Commission a report which contains:

1.   A statement confirming that the required Notice of Terms of the Decree has been posted;

2.   Copies of the revised Policy;

3.   Copies of all employee acknowledgment forms indicating receipt of the revised Policy;

4.   A statement confirming the establishment of a confidential complaint mechanism to the Consultant for receiving complaints   against company owner(s) or other high management officials;

5.   A statement confirming the implementation of all specific injunctive relief required by this Decree;

6.   Copies of the all the Consultant's investigative reports and proposed resolutions in response to discrimination complaints; and

7.   A statement confirming that Defendants and the Other Corporate Entities complied with the consultant's proposed resolutions of all discrimination complaints.

E.   Training

Within ninety (90) days after the Effective Date or sixty (60) days after hiring an Equal Employment Opportunity Consultant ("Consultant"), whichever is later, all employees of Defendants and the Other Corporate Entities—including, but not limited to, all individuals who have had or will have management or human resources responsibilities over any of Defendants and the Other Corporate Entities' employees regardless of employer—shall be required to attend a training program of at least three (3) hours duration. Additionally, all of Defendants and the Other Corporate Entities' employees—including, but not limited to, all individuals who

1  have had or will have management or human resources responsibilities over any of

2  Defendants and the Other Corporate Entities' employees regardless of employer—

3  shall be required to attend trainings of at least three (3) hours duration once every

4  year for the term of this Decree.  Any employee who failed to attend such

5  scheduled training shall be trained within (60) days of the training set forth above.

6  For the remainder of the term of this Decree, all new employees shall receive

7  training, as appropriate, within sixty (60) days of hire or promotion.

8      For all employees, the training shall include coverage of the subjects of

9  equal employment opportunity rights and responsibilities, discrimination,

10 harassment, retaliation, and Defendant's policies and procedures for reporting and

11 handling complaints of discrimination, harassment and retaliation.  Additionally,

12 for all individuals who have had or will have management or human resources

13 responsibilities over any of Defendants and the Other Corporate Entities'

14 employees—whether those individuals are employed by Defendants, the Other

15 Corporate Entities, or another entity—the training shall include how to properly

16 handle and investigate complaints of discrimination and/or harassment in a neutral

17 manner, how to take preventive and corrective measures against discrimination

18 and/or retaliation, and how to recognize and prevent discrimination and/or

19 retaliation.  Any training pursuant to this decree shall be live and all employees and

20 managers required to attend any training pursuant to this Decree shall verify their

21 annual attendance in writing.

22      Within sixty (60) days after the Effective Date or thirty (30) days after hiring

23 the Consultant, whichever is later, Defendants and the Other Corporate Entities

24 shall submit to the EEOC a description of the training to be provided and an

25 outline of the curriculum developed for the trainees.  Defendants and the Other

26 Corporate Entities shall give the EEOC a minimum of ten (10) business days'

27 advance written notice of the date, time and location of each training program

28

1   provided pursuant to this Decree, and agrees that an EEOC representative may
2   attend any such training program.

3       Defendants and the Other Corporate Entities' owner(s) shall appear in
4   person at any training session required under this Decree to reiterate Defendants
5   and the Other Corporate Entities' national origin, sex and age discrimination
6   policies, to reiterate Defendants and the Other Corporate Entities' harassment
7   policies, to affirm that unlawful discrimination and harassment shall not be
8   tolerated, and to encourage employees who believe that they have been victims of
9   such discrimination or harassment to utilize Defendants and the Other Corporate
10  Entities' complaint procedures.

11      All trainings under this Decree shall be mandatory.  All persons required to
12  attend any training under this Decree shall verify their attendance in writing.
13  Within ten (10) days of the additional training, each of the Defendants and the
14  Other Corporate Entities and/or any successors shall submit to the Commission a
15  statement describing the training provided and the materials used in the training.

16      F.    <u>Record-Keeping Requirements</u>

17      Defendant shall maintain the following documents and make them available
18  to the Commission within ten (10) business days following a written request from
19  the Commission to Defendants and the Other Corporate Entities:

20      1.    All documents generated in connection with any complaint,
21      investigation into, or resolution of every discrimination, harassment or
22      retaliation complaint for the duration of the Decree;

23      2.    All forms acknowledging employees' receipt of Defendants and
24      the Other Corporate Entities' revised or modified discrimination,
25      harassment and retaliation policies;

26      3.    A list of all attendees to training sessions required under this
27      Decree;

28

4.      All documents generated in connection with the monitoring and counseling of employees determined to have engaged in behavior in violation of Defendants and the Other Corporate Entities' discrimination, harassment and retaliation policies;

5.      All documents generated in connection with confidential inquiries into whether any complainant believes he/she has been retaliated against;

6.      All documents relating to any hiring by Defendants or the Other Corporate Entities; and

7.      All documents relating to any employees who become pregnant during their employment with Defendants or the Other Corporate Entities.

G.      Reporting Requirements

Within one hundred twenty (120) days of the Effective Date of the Decree, and every six (6) months thereafter for the duration of the Decree, Defendants and the Other Corporate Entities will provide the Commission a report containing the following information:

1.      The attendance lists of all attendees for all training sessions required under this Decree that took place within the six (6) months prior to the report;

2.      Acknowledgment of receipt of the anti-discrimination/retaliation policies for all employees hired within the preceding six (6) months period;

3.      Copies of all discrimination, harassment, and retaliation complaints, investigative reports and proposed resolutions made since the submission of the immediately preceding report hereunder;

-18-

4.   A statement of the result of each investigation into the complaint, including the names of the employee, the name of the accused individual, a summary of the allegations, summary of the actions taken by the company, and any resolution of the complaint raised by the employee.  If no result has been reached at the time of the report, the result shall be included in the next report;

5.   The identities (by name, address and telephone number) of the complainant and person who received the complaint;

6.   Copies of the confidential inquiries into potential retaliation issued within the six (6) months prior to the report;

7.   A report of any employees who become pregnant, to include their names, contact information, dates of hire, dates of employment or absence, payment of medicals, and any documents pertaining to their employment.  If medical benefits are not pay, an explanation of why the medicals were not paid;

8.   In the event the defendants hire employees, a report shall be generated to identify all employees hired by national origin, race, age, sex, pregnancy status, dates of hire, job duty, dates of termination and/or separation from employment, reasons for separation and/or termination, the identity of the decision maker for termination and/or separation, and the positions open at the time of hire by job description and location.

H.   Access Requirements

The Commission, upon reasonable notice, shall have the right to enter and inspect Defendant's premises to insure compliance with this Decree and Title VII and the ADEA's prohibitions against discrimination, harassment and retaliation.

1    I.    Notification of Closure

2    If Defendants and the Other Corporate Entities and/or their successors have

3  ceased all business operations within the CNMI or any insular area or state of

4  United States of America before the expiration of this Decree, Defendants and the

5  Other Corporate Entities and/or their successors will notify the Commission and

6  provide proof of such closure. Defendants and the Other Corporate Entities

7  understand that their obligations under the Decree continue for the full three-year

8  term of the Decree, regardless of whether any party eventually ceases operations.

9  If, during the term of the Consent Decree, Defendants and the Other Corporate

10  Entities form another business entity in Saipan or any insular area or state of the

11  United States, they shall notify the EEOC in writing within ten (10) days of the

12  initiation of operations.

13                                    **XI.**

14    **COSTS OF ADMINISTRATION AND IMPLEMENTATION**

15                          **OF CONSENT DECREE**

16    Defendants and the Other Corporate Entities shall bear all costs associated

17  with its administration and implementation of its obligations under the Decree.

18                                   **XII.**

19                     **COSTS AND ATTORNEYS' FEES**

20    Each party shall bear its own costs of suit and attorneys' fees.

21                                  **XIII.**

22                    **MISCELLANEOUS PROVISIONS**

23    A.    During the term of the Decree, Defendants and the Other Corporate

24  Entities shall provide any potential successor-in-interest with a copy of the Decree

25  within a reasonable time of not less than thirty (30) days prior to the execution of

26  any agreement for acquisition or assumption of control of any or all of Defendants

27  and the Other Corporate Entities' facilities with the intent to use them for the

28  manufacture of garments in the CNMI or other U.S. jurisdiction, or any other

-20-

1  material change in corporate structure, and shall simultaneously inform the EEOC

2  of the same.

3        B.    During the term of this Consent Decree, Defendants and the Other

4  Corporate Entities and/or their successors shall assure that each of its officers,

5  managers and supervisors is aware of any term(s) of this Decree which may be

6  related to his/her job duties.

7        C.    Unless otherwise stated, all notices, reports and correspondence

8  required under this Decree shall be delivered to the attention of the following:

9                 1. For the Commission:  Anna Y. Park, Regional Attorney, U.S.

10                   Equal Employment Opportunity Commission, 255 East Temple

11                   Street, 4th Floor, Los Angeles, CA, 90012; facsimile number (213)

12                   894-1301.

13                 2. For the Defendant(s): Steven P. Pixley, Third Floor, TSL Plaza,

14                   P.O. Box 7757 SVRB, Saipan, MP 96950; facsimile number

15                   (670)233-4716.

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1    D.    The Parties agree to entry of this Decree and Judgment subject to final
2    approval by the Court.

3        All Parties, through the undersigned, respectfully apply for and consent to
4    the entry of this Consent Decree Order.

5                                        Respectfully submitted,

6                                        U.S. EQUAL EMPLOYMENT
                                         OPPORTUNITY COMMISSION
7                                        Anna Y. Park
                                         Derek W. Li
8                                        Gregory L. McClinton
                                         Thomas S. Lepak
9

10   Date: July 24, 2009               By:
11                                        Anna Y. Park
                                         Regional Attorney
12                                       Attorneys for Plaintiff EEOC
13

14   Date:  July 24, 2009              By:
15                                         Steven P. Pixley
                                         General Counsel
16                                       Attorney for Defendants and the
17                                         Other Corporate Entities
18

19                              [PROPOSED] ORDER

20       GOOD CAUSE having been shown, the provisions of the foregoing Consent
21   Decree are hereby approved and deem the Decree is fair and equitable and serves
22   the public interest. Compliance with all provisions thereof is
23   **IS HEREBY ORDERED, ADJUDGED AND DECREED.**
24   IT IS SO ORDERED.
25
26   Date: 7-28-09
27                                        The Honorable Alex R. Munson
                                          United States District Court Judge
28

-22-